UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Randall Joseph Eade, | ) C/A No. 2:12-1398-JFA-KFM |
|---|---|
| Plaintiff, | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| Lorelle D. Proctor, | ) |
| Defendant. | ) |

Randall Joseph Eade ("Plaintiff"), proceeding *pro se*, files this action pursuant to 42 U.S.C. § 1983. He is also proceeding *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff was a detainee at Charleston County Detention Center at the time he filed this case. The complaint claims the defendant, Plaintiff's court-appointed public defender, failed to adequately represent Plaintiff in his state criminal case. Plaintiff seeks monetary damages as well as injunctive relief. The complaint fails to state a claim pursuant to 42 U.S.C. § 1983 and should be summarily dismissed.

**DISCUSSION**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints and submit findings and recommendations to the district court. The *in forma pauperis* statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, a *pro se* pleading remains

subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir.1990).

Plaintiff files this civil rights action pursuant to 42 U.S.C. § 1983, alleging constitutional violations. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint in this case fails to allege either of these essential elements. Defendant Lorelle D. Proctor is the public defender appointed to represent Plaintiff in his state criminal proceedings. A "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). The allegations against Defendant Proctor relate to her function as counsel in Plaintiff's criminal proceedings; therefore, she is not liable under § 1983.

In as much as Plaintiff claims legal malpractice or negligence with respect to Defendant Proctor's legal representation of Plaintiff, negligence and legal malpractice, both state law claims, are not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474

U.S. 327, 328-336 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-348 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-794 (4th Cir. 1987). Claims under § 1983 must allege violation of a federal right, secured by the Constitution or laws of the United States, and not violations of duties of care arising under state law. *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 200-203 (1989).

State law claims, such as negligence and legal malpractice, could be cognizable, although not under § 1983, if this Court had diversity jurisdiction. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978). The Complaint does not present facts to support diversity jurisdiction in this case. The complaint fails to state a claim on which relief may be granted against Defendant Proctor and should be dismissed.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in this case without prejudice.

s/ Kevin F. McDonald
United States Magistrate Judge

July 9, 2012
Greenville, South Carolina

**The plaintiff's attention is directed to the notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 E. Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).